UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY D. MATTINGLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00369-JPH-MPB |
| | ) |
| MARION SUPERIOR COURT, | ) |
| AMY JONES Hon., in her official capacity, | ) |
| MARC ROTHENBERG Hon., in his official capacity, | ) |
| ALICIA GOODEN Hon., in her official capacity, | ) |
| JOHN CHAVIS Hon., in his official capacity, | ) |
| SHATRESE FLOWERS Hon., in her official capacity, | ) |
| INDIANA OFFICE OF JUDICIAL ADMINISTRATION, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Kimberly Mattingly alleges that she was forced to resign her position as a Marion County magistrate judge because of her gender and age in violation of Title VII and the Age Discrimination in Employment Act. Defendants—a state court, several Marion County judges, and a judicial administrative office—have filed a motion to dismiss both claims. The Court does not make any findings or conclusions as to whether there is merit to Ms. Mattingly's claims of discrimination. Rather, in granting Defendants' motion to dismiss, the Court concludes that neither statute Ms. Mattingly relies on—Title VII (prohibiting gender discrimination) and the ADEA (prohibiting age discrimination)—permits

1

her to bring such claims. Therefore, as explained in more detail in this Order, Defendants' motion to dismiss, dkt. [25], is **GRANTED**.

## I.
## Facts and Background

Because Defendants have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Mattingly worked for the Marion Superior Court and the Indiana Office of Judicial Administration as a master commissioner and then as a magistrate judge, primarily overseeing family law cases. Dkt. 1 at 6 (Compl. ¶¶ 35–36, 38). During her twelve years as a magistrate judge, Ms. Mattingly consistently received high performance evaluations and was never disciplined. *Id.* at 6, 7 (Compl. ¶¶ 37, 42, 44). As part of a Marion Superior Court reorganization in late 2020, Ms. Mattingly learned she was no longer being assigned to a family law court. *Id.* at 7 (Compl. ¶ 42).

A few months later, Ms. Mattingly met with the Executive Committee[1] and her supervisor, Judge Marc Rothenberg, and was told they would fire her if she did not immediately resign. *Id.* (Compl. ¶ 43). To support their decision, the Committee pointed to "negative" results from judicial surveys, a complaint from "way back," and Facebook comments made about Ms. Mattingly in response to a 2019 Indiana Bar Association article she wrote. *Id.* at 7, 8

---

[1] The Executive Committee is currently comprised of Judges Amy Jones, Alicia Gooden, John Chavis, and Shatrese Flowers, all of whom are Defendants in this case. Dkt. 1 at 7 (Compl. ¶ 41) (collectively the "Executive Committee Judges").

2

(Compl. ¶¶ 46, 50).  Judge Rothenberg had also listened to twelve hours of hearings that Ms. Mattingly presided over.  *Id.* at 8 (Compl. ¶ 52).  Except for the Facebook comments—which led to no disciplinary action—Ms. Mattingly had not been informed of any significant complaints or performance issues, and she had not received a formal performance review in several years.  *Id.* at 7, 8 (Compl. ¶¶ 44, 45, 47, 50).

The Executive Committee replaced Ms. Mattingly with someone fifteen years younger.  *Id.* at 9 (Compl. ¶ 57).

Although Ms. Mattingly resigned, she alleges that she did not have a meaningful choice—when the Executive Committee told her that she would be fired if she did not quit, she was forced to resign.  *Id.* at 7, 9 (Compl. ¶¶ 43, 58).  Ms. Mattingly alleges that her forced resignation was the result of discrimination because of her gender in violation of Title VII of the Civil Rights Act of 1964 and her age in violation of the Age Discrimination in Employment Act of 1967.  Ms. Mattingly brings her gender discrimination claim against the Marion Superior Court and the Indiana Office of Judicial Administration, *id.* at 10–11 (Compl. ¶¶ 60–68), and her age discrimination claim against the Marion Superior Court, Judge Rothenberg, and the Executive Committee Judges, *id.* at 11–12 (Compl. ¶¶ 69–81).  Defendants have filed a motion to dismiss both claims.  Dkt. 25.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## III.
## Analysis

Defendants raise several arguments in support of their motion to dismiss, including that Ms. Mattingly's claims under the ADEA are barred by state sovereign immunity under the Eleventh Amendment. *See* dkt. 26 at 2. The Court addresses sovereign immunity first. *See id.* at 6–9; *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 550 (7th Cir. 2021); *see also McHugh v. Illinois Dep't of Transportation*, 55 F.4th 529, 534 n.2 (7th Cir. 2022) (noting that a "federal court cannot enter judgment on the merits when Eleventh Amendment immunity applies").

4

### A. Sovereign Immunity for ADEA Claim

The Eleventh Amendment bars federal courts from hearing cases brought against state agencies or state officials in their official capacities. *See Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021). Defendants argue that this immunity bars Ms. Mattingly's ADEA claim since it is brought against Judge Rothenberg and the Executive Committee Judges (collectively "the Judges") in their official capacities and against the court itself. *See* dkt. 1 at 11–12 (Compl. ¶¶ 69–81); dkt. 26 at 6–9.[2]

It's undisputed that the Judges are state officials and the Marion Superior Court is a state agency. *See* dkt. 26 at 7; dkt. 30 at 23; *see also Woods v. Michigan City, Ind.*, 940 F.2d 275, 279 (7th Cir. 1991) (holding that "judges of Indiana's . . . superior . . . courts are judicial officers of the State judicial system"); *cf. Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). Therefore, they are generally protected from suit by the Eleventh Amendment. *See Jones*, 998 F.3d at 786.

Under limited circumstances, however, state officials and agencies may be sued in federal court. *See Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). The parties agree that the first two exceptions—waiver and congressional action—do not apply. Dkt. 26 at 7; dkt. 30 at 21–25. The parties instead focus on whether the *Ex parte Young* doctrine, which allows a plaintiff who is seeking prospective equitable

---

[2] While Defendants moved under Fed. R. Civ. P. 12(b)(6), state sovereign immunity "is a jurisdictional defense," and is therefore considered under Fed. R. Civ. P. 12(b)(1). *See Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021).

relief to sue state officials for an ongoing violation of federal law, applies in this case. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908).

The *Ex parte Young* doctrine, however, does not allow Ms. Mattingly's claim against the Marion Superior Court because it "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). So only the claim against the Judges could possibly proceed under the *Ex parte Young* exception to Eleventh Amendment sovereign immunity. *See id.* Determining whether that claim is within the scope of *Ex parte Young* involves a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Sonnleitner v. York*, 304 F.3d 704, 718 (7th Cir. 2002) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). "The inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim." *Verizon Md. Inc.*, 535 U.S. at 646.

Defendants argue that Ms. Mattingly's claim does not fit within the *Ex parte Young* exception because she has not sufficiently alleged (1) an ongoing violation of federal law or (2) that she was constructively discharged. *See* dkt. 34 at 14–15. Ms. Mattingly responds that her complaint alleges that her resignation was forced and that, by seeking reinstatement as a remedy, she has alleged a claim for prospective equitable relief for ongoing violations of federal law. Dkt. 30 at 23–25.

6

Here, Ms. Mattingly's complaint alleges that she was forced to resign from her position as a result of age discrimination and she seeks reinstatement. Since alleged wrongful discharge is an ongoing violation, *Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986), and the relief she seeks is prospective, *see Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 521 (7th Cir. 2021), this case fits with in the *Ex parte Young* exception.

Defendants' argument that Ms. Mattingly's claim does not fit within *Ex parte Young* because she does not allege "constructive discharge" is unavailing. *See* dkt. 34 at 14–16. A "coerced resignation," which is what Ms. Mattingly alleges, can count as a wrongful discharge all the same. *See Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010). The cases cited by Defendants do not say that only a "constructive discharge" can qualify as ongoing violation of federal law while a "coerced resignation" cannot. Ms. Mattingly's complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.

*  *  *

Ms. Mattingly's ADEA claim against the Marion Superior Court is **DISMISSED without prejudice** for lack of jurisdiction. However, because the Court finds Ms. Mattingly's ADEA claim for injunctive relief against the Judges in their official capacity falls under the *Ex parte Young* exception to the Eleventh Amendment bar, the Court will consider Defendants' other arguments for dismissal of that claim.

## B. Remaining ADEA & Title VII Claims

Defendants argue that the remaining claims must be dismissed because Ms. Mattingly was not an "employee" covered under the ADEA or Title VII, and therefore cannot bring a claim under either statute. Dkt. 26 at 5. The ADEA and Title VII include identical statutory definitions of "employee," and both statutes exempt certain public officials and their staff from that definition:

> The term "employee" means an individual employed by any employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office.

29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f).

The Defendants argue that the position Ms. Mattingly held—Indiana state-court magistrate judge—categorically fits within the public official exemption. Dkt. 26 at 9–14. Ms. Mattingly responds that there is no binding authority holding that Marion Superior Court magistrates are categorically covered by the public official exemption and that resolution of the issue will turn on case-specific facts that must be developed through discovery. Dkt. 30 at 8.

### 1. Whether Marion County Superior judges are elected

The parties agree that before addressing these arguments, the Court must first determine whether the judges who appointed Ms. Mattingly to her position were "elected." Dkt. 30 at 9; dkt. 34 at 5–12. That's because "the

8

scope of the statutory [exemption] is limited to persons appointed by elected officials." *Tranello v. Frey*, 962 F.2d 244, 250 (2d Cir. 1992) (cited by *O'Neill v. Ind. Comm'n on Pub. Records*, 149 F. Supp. 2d 582, 588 (S.D. Ind. 2001)). Therefore, if the Judges who appointed Ms. Mattingly were not "elected," Ms. Mattingly would be a covered "employee" under both statutes.

Defendants argue that Marion Superior Court Judges were elected officials both when Ms. Mattingly was appointed and when she resigned. Dkt. 34 at 7. Ms. Mattingly responds that, even though the judges had been elected when she was appointed, their "elected" status was voided when the Indiana statute governing the election of judges was later found unconstitutional in *Common Cause Indiana v. Individual Members of the Indiana Election Comm'n*, 800 F.3d 913 (7th Cir. 2015). *See* dkt. 30 at 11. But *Common Cause Indiana* didn't void any previous election; the Seventh Circuit held that the challenged judicial election statute violated the First and Fourteenth Amendments. 800 F.3d at 915, 928. Therefore, the Marion Superior Court judges who appointed Ms. Mattingly were "elected" for purposes of the public official exemption of the ADEA and Title VII. *See* 29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f).

Ms. Mattingly next argues that, since Marion Superior Court judges are subject to appointment and retention, they were not "elected" at the time of her forced resignation. Dkt. 30 at 10–11. Pursuant to Indiana's statutory framework for the selection of judges that was put into place in 2017, after *Common Cause Indiana*, Marion Superior Court judges are initially appointed

9

by the governor and are later subject to a "retention" vote where they are "approved or rejected by the electorate of Marion County." Ind. Code § § 33-33-49-13.2, -13.3, -13.4.

Although no Seventh Circuit precedent addresses whether only being subject to a retention election makes officials "elected" under the ADEA and Title VII, the Eighth Circuit addressed a similar issue in *Hemminghaus v. Missouri*, 756 F.3d 1100, 1107 (8th Cir. 2014). Focusing on the text of a comparable public official exemption found in the Family Medical Leave Act, the court found "[t]he plain language of the statute makes no distinction between elective offices where another candidate's name appears on the ballot and offices where the holder is simply given an up or down retention vote. In either event, whether a 'yes' or 'no' retention of a sitting judge or a heated contest between multiple candidates, the process results in an 'election,' that is, a 'choice,' by the voting public." *Id.* The same holds true here—the plain language of the ADEA and Title VII "employee" definitions make no distinction between types of elections, s*ee* 29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f), and Ms. Mattingly has cited no authority to show why the Court should read it any differently, *see* dkt. 30 at 10–11.

Therefore, the Court finds that at all times relevant to the allegations in Ms. Mattingly's complaint, Marion Superior Court judges were elected officials for purposes of the public official staff exemption to the ADEA and Title VII.

## 2. Public Official Staff Exemptions

The Court now turns to determining whether Ms. Mattingly, as a Marion County magistrate judge, was within the scope of the public official staff exemption to the definition of "employee" under the ADEA and Title VII. *See* 29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f). The Court begins and ends with the second exemption: appointee on the policymaking level.[3] Defendants argue that, since a magistrate judge has meaningful input into governmental decision-making, it is a policymaking appointee position. Dkt. 26 at 10–13. Ms. Mattingly contends she lacked the same power as Superior Court judges and her work was subject to judicial approval, so she is not on the policymaking level. Dkt. 30 at 16–18. She further argues that determining whether she fits within the scope of the public official staff exemption is a fact-sensitive inquiry that should not be resolved on a motion to dismiss. Dkt. 30 at 6–8.

While there is no binding, on-point precedent addressing the specific issue presented here, the Supreme Court's decision in *Gregory v. Ashcroft* provides useful guidance. 501 U.S. 452 (1991). There, a group of Missouri state-court judges sought to bring claims against the State under the ADEA. *Id.* at 455. The Supreme Court found that the judges were within the policymaking appointee exemption to the statute. *Id.* at 456. Focusing on the text of the statute, the Court noted that the plain language of the ADEA does not require that one "make policy" to fit the exemption; instead, it's enough to

---

[3] *See* fn. 4, *infra.*

"exercise . . . discretion concerning issues of public importance." *Id.* at 465–68; *see* 29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f) ("[O]r an appointee on the policy making level. . . ."). In interpreting the text of the ADEA, therefore, the relevant question wasn't whether the ADEA's plain language *excludes* judges but whether it *includes* judges. *Gregory*, 501 U.S. at 467. Because the ADEA "plainly excludes most important state public officials," the Court would not read the statute to implicitly cover state judges. *Id.* "Rather, it must be plain to anyone reading the [ADEA] that it covers judges." *Id.* Thus, the judges, as employees at the policymaking level, could not bring their age discrimination claims. *Id.* at 473.

The Seventh Circuit has held that, when determining whether a particular position is within the reach of the policymaking appointee exemption, the Court evaluates "the powers inherent in a given office, as opposed to the functions performed by a particular occupant of that office." *Opp v. Off. of State's Att'y of Cook Cnty.*, 630 F.3d 616, 620 (7th Cir. 2010). In other words, the Court focuses on the "functions of the office involved, not the officeholder." *Id.* (finding district court properly determined Assistant State's Attorneys had inherent policymaking authority, clearly defined by statute).

Using the same approach that the Seventh Circuit used in *Opp*—focusing on the "functions of the office involved, not the officeholder," *id.* at 620—the Sixth Circuit found that a state-court magistrate judge was an appointee on the policymaking level, as she "resolv[ed] disputes and recommend[ed] dispositions." *Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 160 (6th

12

Cir. 2004). And several district courts have also found state-court magistrate judges to be appointees on the policymaking level for similar reasons. *See, e.g.*, *Crowder v. N.C. Admin. Off. of Cts.*, 374 F. Supp. 3d 539, 545–46 (E.D.N.C. 2019) ("North Carolina magistrates exercise discretion concerning issues of public importance."); *Watts v. Bibb Cnty., Ga.*, No. 5:08-CV-413 (CAR), 2010 WL 3937397, at *10 (M.D. Ga. Sept. 30, 2010) ("In resolving disputes, recommending dispositions, and exercising his or her discretion in the judicial functions he or she is authorized to perform under Georgia law, an associate magistrate formulates policy.").

In Indiana, magistrate judges have the "same powers as a judge," except for judicial mandate. Ind. Code §§ 33-23-5-8, -8.5. Therefore, magistrate judges in Indiana "exercise . . . discretion concerning issues of public importance," 501 U.S. at 467, and provide "meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation," *Opp*, 630 F.3d at 619–20.

Ms. Mattingly nevertheless maintains that she was not a policymaking appointee since magistrate judges' responsibilities are not clearly defined and their decisions are subject to another judge's approval. Dkt. 30 at 16–17. But she points to no authority holding that those factors are dispositive or that magistrate judges do not qualify as appointees on the policymaking level for any other reason. Instead, since Indiana state-court magistrate judges "exercise . . . discretion concerning issues of public importance," *Gregory*, 501 U.S. at 467, Ms. Mattingly was a policymaking appointee. And since this

13

analysis focuses on the "functions of the office involved, not the officeholder," this decision can be made on a motion to dismiss before any discovery has taken place. *See Opp*, 630 F.3d at 620 (affirming grant of motion to dismiss ADEA claim since plaintiffs were policymaking appointees).

* * *

Relying on the plain language of the text of the public official staff exemption, the Court concludes that, as a Marion County magistrate judge, Ms. Mattingly was a policymaking appointee who was appointed by an elected official. Therefore, she was not an "employee" under the ADEA or Title VII and her remaining ADEA and Title VII claims against the Judges in their official capacities, the Marion Superior Court, and the Indiana Office of Judicial Administration, must be and are **DISMISSED**.[4]

### IV. Conclusion

Ms. Mattingly's motion to file a surreply is **GRANTED**. Dkt. [36]. Defendants' motion to dismiss is **GRANTED**. Dkt. [25].

Ordinarily, a plaintiff whose complaint is dismissed "should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). But if the Court is

---

[4] As Ms. Mattingly meets this exemption, the Court does not consider whether she is on the personal staff of an elected official or "an immediate advisor with respect to the exercise of the constitutional or legal powers of the office." *See* 29 U.S.C. § 630(f); 42 U.S.C. § 2000e(f). Additionally, the Court need not address the Defendants' other arguments in favor of dismissal. *See* dkt. 26 at 2.

certain that amendment would be futile, it may deny leave to amend. *Id.* That's the case here, as Ms. Mattingly would not be able to cure the jurisdictional and statutory issues addressed in this order by amending her complaint.

Therefore, Ms. Mattingly's complaint is **DISMISSED without prejudice** as to the ADEA claim against the Marion Superior Court, *see McHugh v. Illinois Dep't of Transportation*, 55 F.4th 529, 534 (7th Cir. 2022) (stating that Eleventh Amendment dismissals are without prejudice), and **DISMISSED with prejudice** as to the rest of her claims, *see Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993) (noting that 12(b)(6) dismissals are presumed to be with prejudice).

Judgment will enter by separate order.

**SO ORDERED.**

Date: 3/31/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel